**Yamin TEDJA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–73460.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 17, 2012.

Elisa Bell Ross, Esquire, Law Office of Elisa B. Ross, Phoenix, AZ, for Petitioner.

Rachel Louise Browning, Trial, U.S. Department of Justice, Office of Immigration Litigation, Joseph D. Hardy, Jr., Esquire, Trial, OIL, U.S. Department Of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Yamin Tedja, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir.2010), and we deny the petition for review.

The record does not compel the conclusion that Tedja established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Accordingly, his asylum claim fails.

Tedja's claim for withholding of removal on the basis of his Chinese ethnicity and Christian religion also fails. Substantial evidence supports the BIA's conclusion that Tedja has not demonstrated the harms he experienced in Indonesia rise to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009) (beatings, robbery, and threats by mob did not compel a past persecution finding). Further, substantial evidence supports the BIA's conclusion that Tedja did not show it is more likely than not he will be persecuted if he returns to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (continued presence of similarly situated, unharmed family members undermined future fear).

Finally, Tedja does not raise any arguments in his opening brief regarding the BIA's denial of his CAT claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**